Edwards Dairy Company, Inc. v. Commissioner.
Edwards Dairy Co. v. Commissioner
Docket No. 2546.
United States Tax Court
1944 Tax Ct. Memo LEXIS 121; 3 T.C.M. (CCH) 940; T.C.M. (RIA) 44292; September 13, 1944
*121 Allan L. Gurley, Esq., for the petitioner. Clay C. Holmes, Esq., and Leonard C. Mitchell, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of deficiencies in income tax and in declared value excess profits tax for the fiscal year ended May 31, 1940, in the amounts of $732.99 and $780, respectively. The petition alleges that the respondent erred in the determination of the deficiencies by the disailowance of the deduction from gross income of $6,500 "Pool Adjustment Expense." [The Facts] The petitioner is a New York corporation with its place of business at Edwards, St. Lawrence County, New York. It filed its corporation income and excess profits tax return on form 1120A for the fiscal year ended May 31, 1940, with the collector of internal revenue for the twenty-first district of New York, at Syracuse. Petitioner was incorporated in 1931 by a group of farmers in St. Lawrence County, New York, for the purpose of shipping milk and cream produced by them and other farmers in the vicinity to dairies in New York City for distribution in the New York metropolitan area. It has between 25 and 30 stockholders and on June *122 30, 1939, the total par value of stock outstanding was $5,410. It not only attends to the shipping of the milk and cream but pays the producers therefor out of monthly payments received from the consignees. Its only income consists of a handling charge varying from 17 cents to 25 cents per hundredweight of milk and cream shipped. During 1938 the petitioner was shipping all of its milk and cream to Freeman's Dairy, Inc., and Jetter Dairy Co., Inc.
In September, 1938, Federal Order No. 27 of the Secretary of Agriculture regulating the handling of milk in the metropolitan area of New York went into effect. Under this order the price payable to the producer was fixed by the Federal Market Administrator. Petitioner was obligated to pay to such Administrator two cents per hundredweight of milk and cream shipped. Freeman's Dairy, Inc. and Jetter Dairy Co., Inc. contended that Federal Order No. 27 was invalid and unconstitutional. Jetter Dairy Co., Inc. instituted a proceeding in the United States District Court for the Northern District of New York to enjoin the Federal Market Administrator from enforcing the order. The injunction prayed for was granted. The decision of the District *123 Court adverted to above was with numerous other cases appealed to the United States Supreme Court. That Court on June 5, 1939, promulgated an opinion which held that Federal Order No. 27 was valid and constitutional and the decision of the District Court above referred to was reversed. United States v. Rock Royal Co-Operative, Inc., et al., 307 U.S. 533. Freeman's Dairy, Inc. and Jetter Dairy Co., Inc. had refused to pay the petitioner the full amount which the petitioner was required to pay the producers under Federal Order No. 27. To comply with the order the petitioner in the fall of 1938 or in the early part of 1939 was under the necessity of borrowing $2,000 to make required payments to the farmers. This amount was a payments to the farmers. This amount was a part of the excess price which the petitioner was required to pay producers for the milk over its handling charge for which the above referred to dairies denied liability for the payment of milk and cream received. In August, 1939, the Federal Market Administrator made demand upon the petitioner for the payment of $4,592.23 representing the two cents per hundredweight of milk shipped which *124 the petitioner had not theretofore paid the Federal Market Adminstrator. It was necessary for the petitioner to make this payment in order to continue in business. The amount was therefore paid by the petitioner to the Federal Market Administrator in August, 1939. In December, 1939, petitioner instituted suit against the two above referred to dairies in the Supreme Court of the State of New York for the County of St. Lawrence. The petitioner contended that the dairies owed it $51,175.27 for milk and cream shipped to them for the period September 1 to December 1, 1938, for which the dairies had paid only $46,792.69. The petitioner therefore sought the recovery from the dairies of the difference between these amounts, $4,382.58, with interest thereon from December 1, 1938. The defendants denied liability. There was a protracted hearing of the proceeding in the County Court in the fall of 1940. After the hearing had been going on for a period of three weeks the petitioner being without funds further to carry on the litigation accepted a compromise payment from the dairies in August, 1940, of $2,100 in full settlement of its claim. In its income tax return for the fiscal year ended *125 May 31, 1939, the petitioner did not claim the deduction of any part of the excess amount which it had paid to producers during that fiscal year in excess of the amounts paid therefor by the consignees. During the fiscal year ended May 31, 1940, the petitioner paid off its loan to the bank of $2,000 and also the $4,592.23 which it had paid to the Federal Market Administrator. In its income tax return for such fiscal year the petitioner claimed the deduction from gross income of $6,500 as "Pool Adjustment Expense." The return was made on the cash receipts and disbursements basis. The deduction of this amount was disallowed by the respondent and the deficiencies herein in controversy arise from such disallowance. In its income tax return for the fiscal year ended May 31, 1941, the petitioner reported as taxable income the $2,100 compromise settlement which it had received from Freeman's Dairy, Inc. and Jetter Dairy Co., Inc. and deducted therefrom the cost of the litigation. The question for decision is whether the petitioner is entitled to the deduction from gross income of any part of the $6,500 "Pool Adjustment Expense." The respondent contends that it is not, for he says that *126 the entire amount relates to operations of the fiscal year ended May 31, 1939. Section 41 of the Internal Revenue Code provides in material part: SEC. 41. GENERAL RULE. The net income shall be computed upon the basis of the taxpayers' annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * * We think it clear that over the two fiscal years ended May 31, 1940, and May 31, 1941, the petitioner making its returns upon the cash basis has reported the full amount of net income earned by the petitioner for such years. Quite clearly if the Supreme Court had sustained the District Court in holding that Federal Order No. 27 was unconstitutional the petitioner would not have owed and would not have paid the $4,592.23 which it paid to the Federal Market Administrator during the fiscal year before us. In our opinion *127 the petitioner was clearly entitled to the deduction of this amount. Furthermore, it is plain that the petitioner was out of pocket the $2,000 which it had been required to pay to the producers in excess of the amounts which had been paid to it by the two New York consignees. The petitioner did not claim the deduction of the $2,000 in its return for the fiscal year ended May 31, 1939, because it expected to be reimbursed therefor by the two New York City dairy companies. It paid off its loan of $2,000 to the bank during the fiscal year ended May 31, 1940. Since there was some question as to whether petitioner could recover from the New York City dairy companies this $2,000 petitioner made its return according to its books of account and claimed the deduction in the fiscal year ended May 31, 1940. Consistently with its books of account the petitioner reported as taxable income of the succeeding fiscal year (ended May 31, 1941) the $2,100 compromise settlement received from the dairies during that year. In the circumstances of the case we are of the opinion that the petitioner's income tax return made upon the cash basis correctly reflected its net income for the fiscal year ended *128 May 31, 1940, and that the petitioner is entitled to the deduction from gross income of the $6,500 claimed. Decision of no deficiencies will be entered.